UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER. W. G.,[1] by and through his Conservators Gary G. and Kathleen G.,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, Commissioner of Social Security,[2] | Case No. 2:24-06826 ADS<br><br><br>MEMORANDUM OPINION AND ORDER |

I.  **INTRODUCTION**

Plaintiff Christopher W. G., by and through his Conservators Gary G. and Kathleen G., challenges the denial of his claim for Supplemental Security Income ("SSI")

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.
[2] Frank Bisignano became Commissioner of Social Security on May 6, 2025.  Under Federal Rule of Civil Procedure 25(d), Frank Bisignano is automatically substituted for Martin J. O'Malley as Defendant in this suit.

benefits by Defendant Frank Bisignano, Commissioner of Social Security (hereinafter "Commissioner" or "Defendant").  Plaintiff contends that the Administrative Law Judge ("ALJ") erred in finding Plaintiff's special needs trust does not meet the exception requirements set forth in 42 U.S.C. § 1396p(d)(4)(A) of the Social Security Act.  For the reasons stated below, the decision of the Commissioner is affirmed, and this matter is dismissed with prejudice.

## II.     PROCEEDINGS BELOW

On September 22, 2020, Plaintiff filed a claim for SSI benefits.  (See Dkt. No. 15, Administrative Record ("AR") 225-30.)[3]  Plaintiff's application was denied initially on January 25, 2022, and upon reconsideration on August 17, 2022.  (AR 43-44, 54-56.)  Plaintiff filed a written request for hearing before an ALJ on October 24, 2022.  (AR 57-58.)  A hearing was conducted by telephone before ALJ Randolph Alden on June 6, 2023.  (AR 22-42.)  Plaintiff was represented by counsel at the hearing.  (AR 22-42.)  Plaintiff's Conservator and father Gary G. testified.  (AR 35-37.)  Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff's countable resource in the form of a special needs trust made him ineligible for SSI benefits.  (AR 11-18.)  On June 7, 2024, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied review.  (AR 1-6.)

Plaintiff filed this action on August 12, 2024, challenging the ALJ's decision.  (Dkt. No. 1.)  Defendant filed an Answer and a copy of the Certified Administrative Record.  (Dkt. No. 15.)  Plaintiff filed an opening brief.  (Dkt. No. 16.)  Defendant filed an

---

[3] Citations to the Administrative Record are to the AR number.  Pinpoint citations to other docketed documents are to the page numbers in the CM/ECF-generated headers.

opposition brief. (Dkt. No. 19.)  Plaintiff filed a reply brief. (Dkt. No. 20.)  This case is ready for decision.[4]

### III. FACTS RELEVANT TO THE APPEAL

A special needs trust for Plaintiff was established pursuant court order (the "SNT"). (AR 116-29, 143-49.)  As relevant to the appeal, the SNT contains the following provisions:

> The intent and purpose of this Trust is to provide a discretionary, spendthrift Trust, to supplement public resources and benefits when such resources and benefits are unavailable or insufficient to provide for the Special Needs of Beneficiary. As used in this instrument, the term "Special Needs" means the requisites for maintaining CHRISTOPHER's good health, safety, and welfare when, in the discretion of the Trustee, such requisites are not being provided by any public agency, office, or department of the State of California, or any other state, or of the United States of America.

(AR 116-17, Recitals, ¶ C.)

> This Trust shall terminate upon the death of CHRISTOPHER.  In accordance with the 42 U.S.C. 1396p(d)(4)(A) and Probate Code Section 3603(b), upon early termination of the Trust or death of [C. W.], whichever occurs first, and after payment or provision has been made for expenses of administration and other obligations payable by the Trust, the remaining Trust estate shall be payable to any state or agency of a state, which has provided medical assistance to [C. W.] under a state plan under Title XIX of the Social Security Act, up to an amount equal to the total medical assistance paid on behalf of [C. W.] under such state plan.

(AR 121-22, Article II, ¶ 3.)

> The Trustee shall pay any inheritance, estate, or other death taxes, if any, including interest and penalties, that may be payable by reason of the death of any beneficiary of this Trust and be attributable to assets included in the Trust estate.  The Trustee shall pay CHRISTOPHER's last illness and funeral expenses if other satisfactory provisions have not been made for payment of such expenses.  The Trustee shall make no payments for expenses incurred prior to CHRISTOPHER's death if the Trustee shall determine, in its discretion, that payment therefor is the obligation of any

---

[4] The Parties filed consents to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), including for entry of final Judgment. (Dkt. Nos. 7, 8.)

3

county, state, federal, or other governmental agency (except as otherwise provided in this instrument).

(AR 122-24, Article II, ¶ 7.)

### III. SUMMARY OF ALJ DECISION AFTER HEARING

On August 24, 2023, the ALJ concluded Plaintiff's countable resource in the form of a special needs trust made him ineligible for SSI benefits. (AR 11-18.) The ALJ identified that Plaintiff's SNT had a balance of $237,307.24 as of June 2021, exceeding the applicable $2,000 resource limit. (AR 16.) The ALJ concluded the SNT did not meet the criteria for exclusion under the special needs trust exception. (AR 16-17.) The ALJ supported his conclusion with the following reasoning:

> The Trust does not meet the criteria for resource exclusion as it does not list the State (Medicaid) as the first payee after expenses of administration upon termination of the Trust or death of the recipient. For purposes of the third element of the special needs Trust exception the State(s) must be listed as the first payee(s) and have priority over payment of other debts and administrative expenses (POMS SI 01130.203.B.1.h). The Trust must provide payback to any State(s) that may have provided medical assistance under the State Medicaid plan(s) and not be limited to any particular State(s). <u>Id.</u> Here, Article II, paragraphs 3 and 7 of the Trust, provide a payback provision for any State or agency of a State that has provided medical assistance to the recipient after the payment or provision has been made for expenses of administration and <u>other obligations</u> payable by the Trust (emphasis added). (Ex. 1D pg. 6-9; 12D)
>
> The claimant argued that the Trust has a proper pay pack [sic] provision, citing to SI 01120.203(B)(1). (Ex. 4B) The claimant reasoned that the Article to be evaluated is Article II, section 3, which states that, "[a]fter administration expenses and taxes due, the state will be reimbursed Medicaid expenses." (Ex. 1D pg. 7-8; 4B) The claimant cited SI 01120.203(E)(1) and (B)(10) in support of a contention that payment of allowable administrative expenses, prior to repaying the State, was permissible.
>
> While I agree that the payment of enumerated administrative expenses are permissible, this matter turns on the full language of the provision of the Trust that claimant cites, which states that "[a]fter payment or provision has been made for expenses of administration and other obligations payable

4

by the Trust, the remaining Trust estate shall be payable to any state or agency . . . ." (Ex. 1D pg. 7)  The clause allowing for payment of administrative expenses and "other obligations" language is vague enough to permit payment of prohibited expenses prior to Medicaid payback (POMS SI 01120.203(E)(2)). This appears particularly true when read in conjunction with the language at Article II, paragraph 7 regarding payment of inheritance, estate, or other taxes. (Ex. 1D pg. 9) I therefore find that inclusion of the phrase "and other obligations" allows payment of third-party debts prior to Medicaid payment. (Ex. 1D pg. 7) I further find that for this reason, the Trust does not meet the criteria for exclusion under the above cited provisions and is a countable resource as written.

(AR 16-17.)

## IV. STANDARD OF REVIEW

A United States District Court may review the Commissioner's decision to deny benefits pursuant to 42 U.S.C. § 405(g). The District Court must affirm an ALJ's findings of fact if they are supported by substantial evidence and if the proper legal standards were applied. Mayes v. Massanari, 276 F.3d 453, 458-59 (9th Cir. 2001) (as amended). Substantial evidence is more than a mere scintilla, but less than a preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996). If the evidence can "reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21.

## V. ANALYSIS

Plaintiff raises the following issue for review: whether the ALJ erred in determining that the Plaintiff's Special Needs Trust (the "SNT") did not meet the

5

exception requirements of 42 U.S.C. § 1396p(d)(4)(A) of the Social Security Act.  (Dkt. No. 16 at 6.)

A. **Legal Standard**

SSI benefits is a needs-based program.  For a trust to be exempt from resource counting, it must provide that "the State will receive all amounts remaining in the trust upon the death of such individual up to an amount equal to the total medical assistance paid on behalf of the individual under a State plan. . . ."  42 U.S.C. § 1396p(d)(4)(A).  The Social Security Administration's Program Operations Manual System (POMS) interpreting this statute states:

> To qualify for the special needs trust exception, the trust must contain specific language that provides that, upon the death of the individual, the State(s) will receive all amounts remaining in the trust, up to an amount equal to the total amount of medical assistance paid on behalf of the individual under the State Medicaid plan(s).  The State(s) must be listed as the first payee(s) and have priority over payment of other debts and administrative expenses, except as listed in SI 01120.203E in this section.

POMS SI 01120.203(B)(1)(h).  A finding by the Commissioner that a trust does not meet the exception requirements of 42 U.S.C. § 1396p(d)(4)(A) must be upheld when it is supported by substantial evidence and is not clearly erroneous or contrary to law.  Orr v. Colvin, No. 2:14-cv-1251-EFB, 2016 WL 1244252, at *4 (E.D. Cal. Mar. 30, 2016).

B. **Substantial Evidence Supports the ALJ's Decision**

The ALJ found the SNT did not meet the exception requirements of 42 U.S.C. § 1396p(d)(4)(A).  (AR 16-17.)  Specifically, the ALJ concluded the "inclusion of the phrase 'and other obligations' [in Article II, paragraph 3] allows payment of third-party debts prior to Medicaid payment.  (AR 17.)  Plaintiff argues the ALJ erred by not reading the SNT as a whole.  (Dkt. No. 16 at 9.)  Plaintiff contends any ambiguity the ALJ found within Article II, paragraph 3 of the SNT should have been clarified by the intent and

purpose of the SNT. (Id.) Defendant argues Article II, paragraph 3 unambiguously fails to meet the exception requirements when read alone and with the SNT as a whole. (Dkt. No. 19 at 4.) Defendant also points out the intent and purpose of the SNT makes no mention of reimbursing Medicaid programs. (Id.) Plaintiff also argues the ALJ erred by relying on the POMS interpretation of 42 U.S.C. § 1396p(d)(4)(A) because Plaintiff contends the statute is not ambiguous. (Dkt. No. 16 at 11-12.) Defendant responds that the POMS interpretation gives "straightforward effect" to the requirements set forth in the statute. (Dkt. No. 19 at 6.) Defendant further argues Plaintiff fails to show that the POMS interpretation is inconsistent with the statute. (Id. at 6-7.)

The Court agrees with the ALJ and Defendant. Substantial evidence supports the ALJ's determination that the SNT permits payments to third-parties before reimbursing the state. The ALJ interpreted the vague phrase "and other obligations" included in the payback provision in light of the SNT as a whole. As the ALJ observed, Article II, paragraph 7 permits payment of "inheritance, estate, or other death taxes." (AR 17.) The SNT does not specify these payments may be made only after reimbursing the state. Instead, the language "and other obligations" in the payback provision authorizes these payments be made prior to reimbursing the state. Contrary to Plaintiff's argument, the statement of intent and purpose does not provide a different interpretation. Thus, the ALJ reasonably concluded the SNT fails to require reimbursement to the state of "all amounts remaining in the trust upon the death of such individual up to an amount equal to the total medical assistance paid on behalf of the individual under a State plan." 42 U.S.C. § 1396p(d)(4)(A) (emphasis added). The ALJ's conclusion that the SNT does not meet the exception requirements of 42 U.S.C. § 1396p(d)(4)(A) is supported by

substantial evidence and is not clearly erroneous or contrary to law. Accordingly, the ALJ's conclusion must be upheld.

## V.   CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED, and the action is DISMISSED with prejudice. Judgment shall be entered accordingly.

DATED:  September 23, 2025

                                                /s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge